Guiseppe LOMBARDO,
Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 83–5673.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1984.

Decided Dec. 11, 1984.

John P. Blumberg, Law Offices of Myron Blumberg, Long Beach, Cal., for plaintiff-appellant.

Gary Floerchinger, Asst. Regional Atty., Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before CHOY and SKOPIL, Circuit Judges, and PRICE *, District Judge.

PER CURIAM:

Appellant Guiseppe Lombardo applied for Social Security benefits alleging disability as of October 1973 due to neck and back ailments. An administrative law judge (ALJ) found that Lombardo was entitled to disability benefits for the period from October 1973 to October 1974. After Lombardo requested a review, the Appeals Council vacated the decision and remanded the case.

On remand, another ALJ found that Lombardo was not entitled to disability benefits prior to September 30, 1976, the expiration date of his insured status. The ALJ concluded that Lombardo retained the residual functional capacity to engage in sedentary or light work. This became the final decision of the Secretary of Health and Human Services (Secretary) when the Appeals Council denied Lombardo's request for a review. Lombardo petitioned for judicial review, and the United States District Court for the Central District of California, adopting a magistrate's recommendation, granted the Secretary's motion for summary judgment. We affirm.

This court's scope of review is limited to whether substantial evidence supports the Secretary's decision. See Kornock v. Harris, 648 F.2d 525, 526 (9th Cir.1980). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct.

1420, 1427, 28 L.Ed.2d 842 (1971). If the evidence is susceptible of more than one rational interpretation, this court must uphold the Secretary's decision. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982).

■ In this case, the Secretary's findings of fact are supported by substantial evidence and must be affirmed. See Kornock v. Harris, 648 F.2d at 526; 42 U.S.C. § 405(g) (1982). The ALJ relied principally on the opinion of Dr. Cohen, who concluded that Lombardo's physical condition did not preclude him from working. Dr. Cohen's report was consistent with the findings of other examining physicians.

■ Lombardo argues that the ALJ erred in giving "little or no weight" to the testimony of the treating and family physician, Dr. Tavoularis, who concluded that Lombardo should not return to work. The ALJ, however, was not required to give Dr. Tavoularis' opinion conclusive effect even though he was the treating and family physician. See Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir.1984); 20 C.F.R. § 404.-1527 (1983); see also Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir.1975) ("The medical opinion of specialists may be entitled to greater weight than that of general practitioners.").

■ Lombardo next argues that the ALJ was required to give clear and convincing reasons for rejecting Dr. Tavoularis' opinion.

See Maounis v. Heckler, 738 F.2d 1032 (9th Cir.1984); Coats v. Heckler, 733 F.2d 1338 (9th Cir.1984). We need not decide, however, the issue of whether an ALJ must give clear and convincing reasons for rejecting a treating physician's testimony that is contradicted by other medical evidence. After an examination of the administrative record, we conclude that the ALJ here did set forth clear and convincing rea-

* The Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

sons for rejecting Dr. Tavoularis' testimony.

In the ALJ's detailed evaluation of the medical evidence, he noted that Dr. Tavoularis initially suspected a herniating disc at C5–6. The ALJ, however, rejected Dr. Tavoularis' observation, stating:

> [R]eview of rather complete orthopedic and neurological evaluation by Dr. Koch in February 1979 (Ex. 45) establishes that while there was some spurring at C3–4, C4–5, and C5–6, there was no major neurologic abnormality such as disc herniation or nerve root compression but that the claimant had 'sustained significant sprain and strain injury on September 15, 1973. The objective medical evidence thus fails to establish severe impairment capable of causing symptoms or limitations that would preclude either semi-sedentary or light work for any period approaching one year.

Admin. Rec. at 23. The ALJ later gave additional reasons for rejecting Dr. Tavoularis' opinion that claimant was disabled since September 1973, stating:

> The preponderance of the substantial credible medical evidence discloses that since September 1973, the claimant has been and is capable of semi-sedentary or light work. This statement is supported by Dr. Cohen's findings and opinion of November 1974, and Dr. Koch's rather thorough review of February 1979. Opinion by the claimant's treating physician, Dr. Tavoularis, that the claimant has been disabled since September 1973 merits little or no weight since this opinion is not supported by the available clinical findings (see 20 CFR 404.1526 and 416.926).

We therefore conclude that the ALJ set forth sufficient reasons for rejecting the treating physician's testimony.

Lombardo also argues that the ALJ improperly disregarded the opinion of Dr. Verin, a psychiatrist who examined Lombardo on February 10, 1978, one and a half years after the expiration of Lombardo's insured status. Lombardo, however, had to show that he was disabled within the meaning of the Social Security Act before his coverage expired. *Harmon v. Finch,* 460 F.2d 1229, 1231 (9th Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 515 (1972). The ALJ, therefore, reasonably evaluated the remoteness of Dr. Verin's examination in weighing the value of his opinion.

Lombardo's contention that the ALJ failed to consider the combined effect of his impairments is without merit. He does not substantiate this allegation. Furthermore, the summaries of the many physicians' reports suggest just the opposite; the physicians subjected Lombardo to rigorous and thorough examination. *See Richardson v. Perales,* 402 U.S. at 404, 91 S.Ct. at 1428.

■ Finally, Lombardo contends that res judicata effect should have been given to the finding of the first ALJ who decided that Lombardo was entitled to disability benefits for the period from October 1973 to October 1974. The decision of an ALJ is binding only if neither party requests a review of the decision. *See* 20 C.F.R. § 404.955(a) (1983). Lombardo, however, requested the Appeals Council to review this decision. The Appeals Council vacated the decision and remanded the case to another ALJ. Lombardo, therefore, may not now claim that the decision of the first ALJ has res judicata effect.

AFFIRMED.