962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mariyeta MARKARIAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-55407.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
May 11, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mariyeta Markarian's application for disability benefits was denied, and the decision was upheld by an Administrative Law Judge ("ALJ") in September 1987 after a hearing and consideration of the evidence. [ER 12] The Appeals Council remanded the case to the ALJ to consider additional psychiatric evidence after Markarian reported a 1987 suicide attempt and allegedly commenced ongoing psychological treatment. [ER 14, 17; Tr 151]
 
 
 3
 In April 1989, the ALJ again concluded she did not suffer from a disability preventing her from performing her past relevant work. [ER 21] The Appeals Council affirmed this decision. [ER 22] The district court also affirmed the denial of benefits. (ER 24] Markarian appeals that ruling.
 
 
 4
 * The ALJ properly made a credibility finding. Fair v. Bowen, 885 F.2d 597, 601-04 (9th Cir.1989); Russell v. Bowen, 856 F.2d 81, 83 (9th Cir.1988). The ALJ cited evidence that Markarian feigned mental illness during the psychological examinations. [ER 17; Tr 196-200, 206] Markarian also reported that she never worked after 1980 when she came to the United States. [Tr 61, 82, 103] However, in another report to the Secretary she reported being employed at housework for two years after 1980. [ER 11; Tr 86] Furthermore, Markarian reported a suicide attempt in 1987 and subsequent emergency room treatment. [ER 14] However, her attorney admitted the incident occurred in 1978 in Armenia, when she took four sleeping pills for a headache, [ER 17; Tr 184] and there was no evidence presented that she ever sought or received psychotherapy, [ER 17-18; Tr 83-84, 131, 143, 184, 197] or hospitalization for a suicide attempt or mental problems. [Tr 197]
 
 
 5
 The ALJ made specific findings justifying his disbelief of some of the evidence. [ER 17-20] The findings are supported in the record. [Markarian exaggerated her condition, and purposely altered her conduct and test scores. Tr 198-200, 205] "[O]ur role is not to second-guess that decision." Fair, 885 F.2d at 604.
 
 II
 
 6
 The ALJ considered and rejected several physicians' opinions that Markarian was unable to perform gainful work due to physical and mental disabilities. However, decisions of disability are the responsibility of the Secretary and not of doctors. 20 C.F.R. § 404.1527 (1991). Nevertheless, the ALJ must consider such evidence. Id.
 
 
 7
 The diagnosis of Markarian's poor physical condition was directly contradicted by other examining physicians. [Red brief 12-13; Tr 131-35, 185-87] It is not certain whether Markarian had a treating physician. See, e.g., Arnone v. Bowen, 882 F.2d 34, 40-41 (2d Cir.1989); Hernandez v. Heckler, 704 F.2d 857, 860-61 (5th Cir.1983). However, even though the opinion of disability due to physical conditions was rendered by a treating physician, it was disputed by specialists who relied on independent clinical testing. [Tr 131-35, 185-87] The ALJ properly disregarded the alleged treating physician's opinion in light of the contradictory evidence. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985) (contradictory medical opinion based on independent clinical findings can override treating physician's opinion); Lombardo v. Schweiker, 749 F.2d 565, 566 (9th Cir.1984) (medical specialist's testimony may outweigh treating physician's opinion).
 
 
 8
 The ALJ also considered evidence regarding Markarian's mental problems. He made credibility findings regarding her contradictory claims and conduct. [ER 17-20] There is substantial evidence in the record supporting the finding of the contradictory nature of the evidence and the finding of manufactured test results. [ER 11-14; Red brief 15-20; Tr 143-45, 146-48, 151-53, 196-200, 205]
 
 
 9
 "Where, as here, medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Young v. Heckler, 803 F.2d 963, 967 (9th Cir.1986). When the evidence is susceptible of more than one rational interpretation, the ALJ's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). Furthermore, the ALJ can disregard controverted medical opinions "by articulating 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.' " Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)).
 
 
 10
 The ALJ did state specific reasons supported by the record for dismissing the contradicted opinions that Markarian was mentally and physically disabled. [ER 7-11, 17-20] The ALJ also weighed substantial evidence that Markarian's mental and physical health problems were not disabling. Hence, the ALJ properly considered all the evidence in reaching his conclusion and in rejecting some of the medical conclusions.
 
 
 11
 When an ALJ disbelieves a claim of pain, he must also make a specific finding justifying that decision. Fair, 885 F.2d at 602. An ALJ is not required to believe all claims of pain. Id. at 603. Social Security Ruling 88-13 sets out several factors, which the ALJ used, to evaluate claims of pain. This circuit has explicitly approved one of those factors which is particularly pertinent in this case: the claimant's daily activities. "[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." Fair, 885 F.2d at 603. Accord Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc).
 
 
 12
 The ALJ did not disregard the testimony regarding pain but found that Markarian's pain would not keep her from performing her previous work of caring for the elderly which consisted of the same household tasks she was currently doing for herself and her husband. Hence, this level of pain did not make her disabled and unable to perform gainful employment. 20 C.F.R. § 404.1520(e).
 
 
 13
 The ALJ articulated sufficient specific reasons to discount the effects on Markarian of her pain: her daily activities, her functional restrictions, and her mode of treating the pain. [ER 6, 20 findings 2-5; Visiting friends, cleaning, cooking, shopping. Tr 85, 99, 101] The ALJ properly considered her testimony and the evidence, and did not arbitrarily reject her claim on improper grounds. See Bunnell, 947 F.2d at 345-46.
 
 III
 
 14
 The ALJ considered Markarian's residual functional capacity and whether she could still perform "past relevant work." 20 C.F.R. § 404.1520(e). See also Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987). The ALJ determined that she was capable of performing the same tasks required in her past work as a housekeeper. [ER 20-21 findings 4 & 5] Her level of physical and mental problems, her daily activities, and her ability to care for herself and her husband, provide substantial evidence supporting the ALJ's finding that she can be employed at her past relevant work. SSR 88-13.
 
 
 15
 Markarian, as the claimant, "has the burden of proving disability within the meaning of the Social Security Act." Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir.1986). However, under 20 C.F.R. § 404.1520(e), since she can still perform the same tasks which she was required to perform on her last job, she has not shown herself to be disabled. 42 U.S.C. § 423(d)(2)(A); cf. Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 511 (9th Cir.1987) (Sanchez could return to past work and thus failed to show disability). Hence, Markarian did not show that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A).[1]
 
 
 16
 After reviewing the evidence that supports and detracts from the ALJ's decision, Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.1986), we conclude that the decision was supported by substantial evidence in the record and was based on the proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir.1991).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Markarian does not prove that her past work is not a substantial gainful activity by relying on the Secretary's presumption that a salary of over $300 a month is presumed to be substantial gainful employment. 20 C.F.R. § 416.974(b)(2)(vi). The Secretary's regulations also delineate a low end figure presumption under which work would be presumed to not be substantial employment. However, that figure for the years in question is $190 a month, § 416.974(b)(3)(vi), and Markarian made over that figure for the part time housework she performed. [Tr 86] Hence, she cannot rely solely on the dollar amount of her earnings to prove the work is not a substantial gainful activity. Cf. Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990); 20 C.F.R. § 404.1574(b)(2)(vi) & (b)(3)(vi)