988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandor SZEMEREY, Plaintiff-Appellant,
v.
Donna E. SHALALA** Secretary, Defendant-Appellee.
 No. 91-56112.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided March 11, 1993.
 
 On Appeal from the United States District Court for the Southern District of California; No. CV-90-1384-H, Marilyn L. Huff, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sandor Szemerey appeals the district court's grant of summary judgment affirming the Secretary's decision denying him social security disability insurance benefits and supplemental security income. Szemerey contends on appeal that the Secretary erred in determining that he does not suffer from disabling impairments. We reject that contention and we affirm.
 
 DISCUSSION
 
 3
 The Secretary is directed to employ a five-step sequential process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(a)-(f) and 416.920(a)-(f) (1992). The ALJ applied this process, first noting that Szemerey had not engaged in any substantial gainful activity since October 1987. He then considered whether Szemerey's "medically determinable impairments are of such a severity as to preclude [Szemerey from] engaging in substantial gainful activity." He found that although Szemerey alleges chronic pain and restricted use of his legs, feet, and upper extremity, "the evidence of record fails to substantiate claimant's allegations." That finding, at the second step of the sequential process, made it unnecessary for the ALJ to consult either a vocational expert or the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpart P, Appendix 2. Accordingly, the ALJ was not required to consider Szemerey's age, education, or work experience in determining eligibility for benefits. See Bowen v. Yuckert, 482 U.S. 137, 148 (1987).
 
 
 4
 In reaching his decision, the ALJ acknowledged that "[t]he medical evidence of record establishes that claimant suffers from Morton's neuroma, peripheral vascular disease, and an over anxious disorder with panic features." The ALJ also noted that Szemerey receives treatment for gastrointestinal problems, a hiatal hernia, and bursitis in the left elbow and that Szemerey complains that pain in his feet prevents him from standing for periods of time or wearing shoes. Nevertheless, the ALJ rejected Szemerey's testimony as not credible and discounted the treating physician's opinion to conclude that there was not "objective clinical evidence related to claimant's multiple complaints" to support claimant's alleged limitations.
 
 
 5
 We have recently indicated that an ALJ is not permitted to reject a claimant's allegations of pain based solely on the lack of objective medical evidence to fully corroborate the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (en banc). We have also often observed that an ALJ can reject a treating physician's uncontroverted opinion only for clear and convincing reasons. See Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Although it is a close question, we conclude that the ALJ here satisfied our standards by adequately explaining why Szemerey was not disabled.
 
 
 6
 The ALJ discounted Szemerey's allegations of pain for two reasons. First, he noted that Szemerey testified that he engaged in a level of daily activities consistent with basic work activities. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). Second, the ALJ cited that Szemerey had not been prescribed any therapeutic treatment normally associated with severe pain. See Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir.1992). Both of these are factors that we have indicated must be considered by the ALJ to determine the credibility of a claimant's allegations of pain. See Bunnell, 947 F.2d at 346 (listing factors).
 
 
 7
 Based on a review of the medical reports, the ALJ also rejected the treating physician's opinion regarding Szemerey's ability to work. The record supports the ALJ's conclusion. He first noted that Szemerey's medical reports generally indicated no severe physical or mental impairments. Specifically, although Szemerey alleged peripheral vascular disease, the medical evidence fails to substantiate his claim. Moreover, the ALJ observed that the treating physician indicated that Szemerey's foot pain is treatable, albeit on a temporary basis. We conclude that these reasons are sufficient to allow the ALJ in this case to reject the treating physician's conclusion regarding Szemerey's disability. See Lombardo v. Schweiker, 749 F.2d 565, 566-67 (9th Cir.1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 Donna E. Shalala has been substituted as defendant-appellee in this matter pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3