Mark Edward BRENNAN,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 05–15619.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 2005.*

Filed Feb. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Edward Brennan, El Verano, CA, pro se.

Alex Tse, USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Mark E. Brennan (Brennan) appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that substantial evidence supports the decision of the Administrative Law Judge (ALJ), we affirm the district court.

We review de novo the district court's grant of summary judgment in favor of the Commissioner. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.2004). The Commissioner's decision to deny benefits is reviewed for substantial evidence. *Id.* We affirm under the substantial evidence standard if inferences reasonably drawn from the record support the Commissioner's findings. *Id.* When, as here, the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *Id.* at 1193 n. 1 (citing 20 C.F.R. § 404.981).

Brennan argues that the ALJ did not comply with the remand order. Brennan also argues that he was not given notice that all issues would be revisited de novo on remand. The record discloses that the ALJ complied with the remand order by obtaining and considering additional evidence, including an additional neurological evaluation and an additional psychiatric evaluation. The ALJ properly reviewed all of the evidence in the record, including the new evidence on remand, and provided a rationale for the weight accorded to the medical evidence as well as Brennan's subjective complaints of arm pain. We review the ALJ's final decision, not the previously vacated decision. *See Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir.1984). We conclude that the ALJ properly complied with the remand order. Furthermore, the record discloses that Brennan received notice of the order of remand which explained that the first decision was vacated and explained the procedures for the hearing on remand.

Brennan argues that the ALJ improperly ignored the testimony of the vocational expert. The ALJ on remand determined that Brennan did not have a severe medically determinable impairment. If a claimant is found to be "not disabled" at any step in the sequence, there is no need to consider any subsequent steps involving age, education, and work experience. *See Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000). Therefore, the ALJ on remand did not err by not considering the testimony of the vocational expert.

Brennan argues that the ALJ erred in making an adverse credibility de-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

termination by improperly concluding that Brennan had not sought medical treatment and improperly construing a conflict in testimony about Brennan's ability to drive a car. Brennan asserts that he was advised by doctors that there was no medical treatment available. Brennan testified that he cannot drive a car due to his arm pain, but admits that he is able to drive a car for a short while. The ALJ made an adverse credibility finding based on several reasons, including the lack of objective medical findings supporting Brennan's subjective reports of pain, Brennan's failure to seek medical treatment, and inconsistencies in Brennan's statements about his capabilities. Brennan acknowledges that he did not seek alternative medical treatment due to prohibitive costs, and he admits that he is able to drive a car, if only for a short while. Questions of credibility and resolution of conflicts in testimony are functions solely of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). We uphold an adverse credibility determination when, as here, it is supported by specific and cogent reasons. *See Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990).

The numerous medical reports in the record consistently conclude that there are no objective findings to substantiate Brennan's subjective complaints of arm pain. Substantial evidence supports the ALJ's determination that Brennan did not have a severe impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings . . . .") (quoting Social Security Ruling 96–4p, 1996 WL 374187, at *1–2).

AFFIRMED.