**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES STUBBS,

              Plaintiff - Appellant,

  v.

SOCIAL SECURITY
ADMINISTRATION,

              Defendant - Appellee.

No. 09-36098

D.C. No. 6:07-cv-01691-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted March 7, 2011[**]
Portland, Oregon

Before: THOMAS, GRABER, and TALLMAN, Circuit Judges.

    James Stubbs appeals the district court's decision upholding the

Commissioner of Social Security's denial of his application for disability benefits.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm. Because the parties are familiar with the facts of the case, we discuss them only as necessary to explain our decision.

I

The administrative law judge's (ALJ) conclusion that Stubbs' migraines were not severe is supported by substantial evidence. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Contrary to Stubbs' argument, the "unremarkable" CT scan was not the ALJ's primary basis for concluding that his migraines were non-severe. The ALJ was not required to consider the additional evidence Stubbs points to on appeal because it was not "significant probative" evidence. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam) (internal quotation marks omitted); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The ALJ discussed Stubbs' impairments—including his migraines—in great detail, and the record suggests that the ALJ considered the combined effects of all of Stubbs' impairments. *Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (per curiam).

II

The ALJ's conclusion that Stubbs did not meet or equal a disability listing is also supported by substantial evidence. *See Valentine*, 574 F.3d at 690; 20 C.F.R.

pt. 404, subpt. P., app.1. In concluding that Stubbs did not meet or equal Listing 1.04, the ALJ expressly considered the November 2002 MRI. However, neither the August 2001 MRI nor Dr. Ogisu's examination were significant or probative. *Howard ex rel. Wolff*, 341 F.3d at 1012. Moreover, Stubbs has not offered a plausible theory as to how the combination of mental and physical impairments (as opposed to just his mental impairments) meet or equal Listing 12.04 or 12.10. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). As a result, the ALJ was not required to expressly consider whether the combination of mental and physical impairments met or equaled these two listings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

## III

The ALJ's vocational findings are supported by substantial evidence. *Valentine*, 574 F.3d at 690. The ALJ adequately described the hypothetical claimant to the vocational expert. Both the ALJ and Stubbs' attorney discussed many of the limitations that Stubbs claims were omitted. He has not explained how any allegedly omitted limitations would have changed the outcome. The ALJ concluded that Stubbs could *possibly* engage in "light work"—general clerical work. To the extent that the ALJ erred in not making specific findings regarding his transferrable skills, that error was harmless because the ALJ concluded Stubbs

could also perform unskilled work as an addresser, which exists in significant numbers in the national and local economy. *Thomas v. Barnhart*, 278 F.3d 947, 960–61 (9th Cir. 2002).

IV

Finally, the ALJ did not err in excluding the opinions of Dr. Holmes and Counselor Shipp and the testimony of Dr. Garrison. The ALJ set out "specific, legitimate reasons" for rejecting Dr. Holmes' opinion. The ALJ also properly disregarded Counselor Shipp's opinion because he was not qualified to issue a vocational opinion and his opinions were contradicted by the medical evidence. *Lewis*, 236 F.3d at 511. The ALJ did not specifically consider Dr. Garrison's testimony, but he neither treated nor examined Stubbs, and his opinion added little to the record. The ALJ's failure to expressly discuss it was harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

**AFFIRMED.**

4