**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHERI L. ESSLINGER,

                Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE,

                Defendant - Appellee.

No. 11-35159

D.C. No. 3:09-cv-05760-KLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted June 6, 2012[**]
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and HALL, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Janet C. Hall, United States District Judge for the
District of Connecticut, sitting by designation.

Appellant Cheri Esslinger appeals the denial of her deceased father's, Randall Esslinger's, application for Social Security Disability Insurance and Supplemental Security Income. Appellant argues that substantial evidence does not support the Commissioner's decision that Esslinger was not disabled. We reverse and remand.

Appellant contends that the Administrative Law Judge ("ALJ") committed legal error by taking into consideration the impact of alcohol and drug abuse on Esslinger's limitations during the initial five-step sequential evaluation. We agree. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Instead, the ALJ should have considered the impact of substance abuse on Esslinger's impairments only *after* completing the five-step sequential evaluation *and* finding Esslinger disabled. *Id*.

Next, we hold that the ALJ's physical residual functional capacity ("RFC") assessment is not supported by substantial evidence. The ALJ provided valid reasons for rejecting the opinions of Drs. Lee and McGrath. However, the ALJ committed legal error by failing to address or evaluate Dr. Amin's opinion. 20 C.F.R. § 416.927(c); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). Because the ALJ did not provide a statement of reasons for rejecting Dr. Amin's opinion, we cannot say it was

"inconsequential to the ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). In addition, the ALJ failed to provide either specific and legitimate or clear and convincing reasons for rejecting the opinions of Drs. Smith,[1] Takaro, and Subramanian. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2009).

Finally, substantial evidence does not support the ALJ's assessment of Esslinger's mental RFC because the ALJ improperly discounted the severity of Esslinger's mental health issues due to substance abuse, *Bustamante*, 262 F.3d at 955, and failed to provide specific and legitimate reasons for discounting the opinions of Drs. Brzezinski-Stein, Hwang, and Price. *Ryan*, 528 F.3d at 1198. The ALJ did not, however, err in rejecting the opinion of Dr. Worrell because he is not a psychiatrist. *Lombardo v. Schweiker*, 749 F.2d 565, 566 (9th Cir. 1984).[2]

In light of these errors, we reverse and remand so that the ALJ can complete the five-step sequential evaluation giving full credit to the opinions of Drs. Amin, Smith, Takaro, Subramanian, Brzezinski-Stein, Hwang, and Price and without

---

[1] All references to "Dr. Smith" refer to Dr. Douglas Smith.

[2] Appellant also argues the ALJ erred in discrediting Essligner's subjective complaints about pain. However, the ALJ was entitled to discredit these complaints based on Esslinger's testimony about his daily activities. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).

3

considering the impact of substance abuse on Esslinger's mental and physical impairments. *Bustamante*, 262 F.3d at 955. If the ALJ concludes that Esslinger was disabled, he must then determine whether each limitation entitling him to disability would remain in the absence of drug and alcohol abuse. 20 C.F.R. § 404.1535(b). If the ALJ ultimately finds that Esslinger was disabled, he must then calculate the disability onset date.

**REVERSED AND REMANDED.**