**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KELLIE K. HARRINGTON,

 Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

 Defendant-Appellee.

No.   20-35140

D.C. No. 3:19-cv-05159-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted May 3, 2021[**]
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

Appellant Kellie Harrington appeals the district court's order affirming the denial of her application for Title II Social Security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review de novo and reverse only if the decision "is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). Because the parties are familiar with the facts of the case, we recite only those necessary to resolve the issues on appeal.

1. The ALJ complied with the rule of mandate. *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016). The mandate required the ALJ to conduct "further administrative proceedings" about medical evidence in the record relevant to Harrington's condition as of June 30, 2009 that the 2017 ALJ decision had not addressed. The mandate did not require a new hearing, or further testimony, or specific findings about Harrington's post-traumatic stress disorder.

2. The ALJ did not err by failing to explain how he applied res judicata and Ninth Circuit precedent. The ALJ did not reiterate the standards set out in *Chavez v. Bowen*, 844 F.2d 691, 693–94 (9th Cir. 1988), and Acquiescence Ruling 97-4(9), but we presume ALJs follow the law, *see Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 n.3 (9th Cir. 2010). Here, the ALJ determined the record supported the 2017 ALJ decision, which explained and applied these standards.

2

Harrington did not rebut the presumption of continuing non-disability that arose from the 2009 final decision, *see Chavez*, 844 F.2d at 694. The 2009 decision determined Harrington was not disabled as of June 29, 2009. Thus, Harrington bore the burden of proving that she was severely impaired as of June 30, 2009. *Id.* at 693. In 2017, the ALJ determined Harrington had not rebutted the presumption, and here, the ALJ did not err by concluding that the presumption remained unrebutted.

3. The ALJ provided "specific and legitimate reasons that are supported by substantial evidence in the record" when it assessed the medical opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). The ALJ afforded Dr. Hofman's opinion little weight because the limitations he assessed were inconsistent with the record as a whole, which documented intact or nearly intact functioning, and with Dr. Hofman's own exam findings, which included a normal mental status examination and no inconsistent observations. The ALJ gave little weight to Dr. Ragonesi's reports for two reasons: the examinations took place in June 2010 and February 2011 and thus provided little insight into Harrington's functioning as of June 30, 2009; and Dr. Ragonesi temporally limited Harrington's symptoms. *See Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (affirming rejection of medical opinion because

3

examination occurred one and a half years after the time period at issue). The ALJ gave little weight to Dr. Moore's evaluations between 2006 and 2008 because they significantly pre-dated June 30, 2009. *See Carmickle*, 533 F.3d at 1165 (affirming rejection of earlier medical opinion because "[m]edical opinions that predate the alleged onset of disability are of limited relevance"). The ALJ also discounted numerous other medical opinions because they either significantly pre-dated, or post-dated June 30, 2009.

Finally, the ALJ did not err by concluding the opinions of the state agency consultants were only entitled to some weight because the consultants considered evidence post-dating June 30, 2009, and their conclusions were inconsistent with the record evidence showing Harrington's intact mental status in June 2009. Separately, Harrington does not contest that, before the district court, she failed to argue the ALJ was internally inconsistent in his assessment of the agency consultants, and thus that argument is waived. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

4. The ALJ provided "clear and convincing reasons" for assigning limited weight to Harrington's subjective testimony. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996)). The ALJ determined the evidence supported the 2017 ALJ's

credibility decision and declined to disturb it. In the 2017 decision, the ALJ gave two clear and convincing reasons for this determination: Harrington gave inconsistent testimony concerning her activities in 2009 and admitted that she was more capable in 2009 than in later years. The ALJ did not err by incorporating the earlier credibility determination.

5. The ALJ did not err by incorporating the ALJ's residual functional capacity determination (RFC) from the 2017 decision. The ALJ determined that the 2017 RFC was supported by the record evidence after specifically considering Dr. Hofman's June 25, 2009 evaluation and the other evidence, as the mandate directed.

6. The ALJ's Step-Five findings were supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). The ALJ did not err when assigning Harrington's RFC, as discussed. The ALJ was not required to receive new vocational testimony because the ALJ permissibly incorporated the earlier RFC.

**AFFIRMED.**