NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARGARET E. SCOTT,

              Plaintiff-Appellant,

   v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

              Defendant-Appellee.

No.    21-35503

D.C. No. 3:20-cv-05833-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted July 8, 2022[**]
Seattle, Washington

Before:  HAWKINS and BUMATAY, Circuit Judges, and MOSKOWITZ,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

Margaret Scott ("Scott") appeals the district court's decision affirming the Commissioner of Social Security's denial of benefits. The Administrative Law Judge ("ALJ") accepted her diagnosis of fibromyalgia as a severe impairment but found a residual functional capacity to perform light work with some limitations on lifting, sitting, standing, and walking for six hours in an eight-hour workday, and therefore concluded she was not disabled within the meaning of the Social Security Act.

On appeal, Scott contends the ALJ improperly discounted her testimony regarding her symptoms and residual abilities. The ALJ, however, provided clear and convincing reasons for discounting portions of her testimony. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). The ALJ cited evidence including Scott's own statements to medical providers that she participated in activities such as two quarter-mile walks daily, two 90-minute yoga classes weekly, pool therapy, and was learning how to quilt. The ALJ also noted Scott had sought relatively conservative treatment including acupuncture, yoga and massage and reported being "happy with this" pain regimen. 20 C.F.R. § 404.1529(c)(3) (amount of treatment and its effectiveness is an important indicator of intensity and presence of symptoms); *Cf. Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (describing significant variety of treatment methods tried by applicant).

Scott also contends the ALJ improperly discounted the opinion of her treating acupuncturist Dr. Soprani, but again the ALJ proffered sufficient reasons. Pursuant to this court's decision in *Woods v. Kijakazi*, the new regulations which pertain to Scott's claim replace this court's case law requiring different levels of deference to a hierarchy of medical sources. 32 F.4th 785, 790–92 (9th Cir. 2022).

As the Commissioner concedes, the ALJ did improperly state that Dr. Soprani was not a valid medical source, which was incorrect under regulations that apply to Scott's claim. *See* 20 C.F.R. § 404.1513(a)(2). However, the ALJ gave several other valid reasons for discounting Dr. Soprani's opinion, including that the opinion is undated, and it is thus not clear that the opinion applies to the relevant time frame (2010-2015). Dr. Soprani continued to treat her for several years after this period and her pain or physical limitations could have increased in the three years *after* the last date insured (especially since the opinion states Scott's condition has "deteriorated steadily"). *See Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984). In addition, although Dr. Soprani treated Scott for pain, there is no indication that he conducted any testing regarding her residual functional capacity, or that it is within his area of expertise to determine issues such as her ability to lift, stand, or sit for periods of time. The ALJ could properly take the lack of objective medical evidence of functional limitations and the doctor's limitations in expertise into account as a reason to discount the opinion. 20 C.F.R. § 404.1520c(c)(4) (opinion

3

of a specialist less persuasive about medical issues outside relevant area of expertise).[1]

**AFFIRMED.**

---

[1] To the extent Scott argues that the ALJ erred at Step 2 by finding that other conditions from which she suffered, including rheumatoid arthritis and Sjogren's syndrome, were non-severe, she has forfeited this claim by failing to raise it before the district court, *Edmund v. Massanari*, 253 F.3d 1152, 1158 n.7 (9th Cir. 2001), and by failing to adequately develop this argument in her opening brief, *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).