**Joseph BUSTAMANTE, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 99–17194.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001

Filed Aug. 27, 2001

---

\* Larry G. Massanari is substituted for Kenneth S. Apfel as Commissioner of the Social Security Administration pursuant to Fed. R.App. P. 43(c)(2).

Harvey P. Sackett, A Professional Law Corporation, San Jose, California, for the plaintiff-appellant.

Lorna K. Li, Office of Regional Counsel, Social Security Administration, San Francisco, California, for the defendant-appellee.

Before: B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

PAEZ, Circuit Judge:

Joseph Bustamante appeals the district court's judgment affirming the Social Security Administration's ("SSA") denial of his application for disability benefits and for Supplemental Security Income under Titles II and XVI of the Social Security Act ("the Act"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand because (1) the Administrative Law Judge ("ALJ") prematurely evaluated the impact of Bustamante's alcoholism prior to completing the five-step sequential disability inquiry; and (2) the ALJ's conclusion that Bustamante did not have a severe mental impairment was not supported by substantial evidence.

## I. BACKGROUND

Bustamante was 53 years old at the time of the alleged onset of his disability in 1994. He has an eighth-grade education and relevant work experience as a newspaper delivery person and temporary laborer. Bustamante also has at least a 20–year history of alcohol abuse and is frequently homeless.

### A. Procedural History

On July 5, 1994, Bustamante applied for a "Period of Disability and Disability Insurance Benefits" under §§ 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423, and for Supplemental Security Income ("SSI") under § 1614(a)(3)(A) of the Act, 42 U.S.C. § 1382c(a)(3)(A), (collectively, "disability benefits"). Bustamante initially alleged that he suffered from diabetes mellitus, tuberculosis, pneumonia, and back problems. He later alleged diabetes, memory problems, a history of alcohol abuse, and anxiety.

The SSA denied his application on January 9, 1995. Bustamante then requested a hearing before an ALJ to obtain a de novo review of the SSA's ruling. At a hearing on April 17, 1996, Bustamante testified and was represented by counsel. At the conclusion of the hearing, the ALJ held the record open for the receipt of additional psychological evidence.

On December 27, 1996, the ALJ, after considering the additional post-hearing evidence, issued a written decision finding Bustamante ineligible for disability benefits.

The ALJ found that Bustamante suffered from diabetes mellitus and had a history of pulmonary tuberculosis, but that these conditions did not constitute a severe physical impairment, as defined by 20 C.F.R. §§ 404.1521, 416.921, because the former was not severe and the latter was successfully treated with medication.

The ALJ also found that Bustamante suffered from two mental impairments: a personality disorder and a substance abuse addiction disorder, that "result[ed] in moderate difficulties with activities of daily living, marked difficulties in maintaining social functioning, and seldom ... deficiencies in concentration, persistence or pace." The ALJ noted that Bustamante also had "continual episodes of deterioration or decompensation in the work place."

Nevertheless, the ALJ rejected Bustamante's mental impairments as a basis for disability eligibility on several independent grounds. First, the ALJ found that "alcohol abuse is his primary impairment" and that "any secondary behavioral and emotional conditions he may have are the product and consequence of his alcohol abuse and not an independently severe or disabling impairment." Second, the ALJ concluded that even Bustamante's alcohol abuse did "not reach a disabling level of severity." Third, the ALJ concluded, with little analysis, that Bustamante "retains the physical and mental ability to perform basic work-related functions, including his past relevant work as a newspaper delivery person or laborer." The ALJ also found that Bustamante "was not credible as to his limitations." Finally, the ALJ concluded that "alcohol abuse is a contributing factor material to a finding of disability."

Bustamante appealed the ALJ's decision to the SSA Appeals Council on December 27, 1996. The Appeals Council affirmed after reviewing both the ALJ's decision and additional evidence from a psychiatrist who examined Bustamante after the ALJ's decision.

On August 4, 1998, Bustamante sought judicial review of the final decision by filing a complaint in federal district court against the Commissioner of the SSA, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The district court granted summary judgment against Bustamante on September 8, 1999, in a one-line order, stating simply "that defendant's decision is supported by substantial evidence."

Bustamante filed a timely notice of appeal on October 1, 1999.

## B. Medical & Psychological Evidence

Between 1995 and 1997, several medical and mental health professionals examined Bustamante. The reports of the first three were considered by the ALJ in his December 1996 decision. The report of the last one, Dr. Newman, was not prepared until after the ALJ's decision but was considered by the SSA Appeals Council on Bustamante's appeal and is part of the administrative record.

### 1. William P. Andersen, M.D.

William P. Andersen, M.D., conducted a consultative medical examination on behalf of the SSA on October 16, 1995. He recorded the following ailments: chronic alcoholism, non-insulin dependent diabetes mellitus, history of pulmonary tuberculosis, peripheral edema, and a "mood disorder, secondary to chronic substance abuse and chronic alcoholism, associated with depressive features which are moderate to severe, and social stressors of homelessness." Dr. Andersen further noted that Bustamante's diabetes was such that "I am not able to qualify him for any known listing under the SSI requirements" and that his pulmonary tuberculosis was of a type that "would not be expected to be disabling."

Dr. Andersen concluded that he "would defer to the results of a neuropsychiatric examination in this patient" but speculated that Bustamante's "best qualifier for disability would be through the presence of his basically untreated substance abuse problem and the chronic mood disorder, which I believe may be secondary to chronic alcoholism." He acknowledged that it "would be difficult to make an exact diagnosis in this case, since his drinking began at such a young age."

### 2. David Pingitore, Ph.D.

David Pingitore, Ph.D., an SSA consultative psychologist, also examined Bustamante on October 16, 1995. In addition to noting Bustamante's history of alcohol

abuse and his various physical ailments, Dr. Pingitore administered a COGNISTAT test to evaluate cognitive functioning. Dr. Pingitore concluded in his functional assessment and recommendation that Bustamante "currently possesses a marked degree of impairment in activities of daily living, as well as cognitive functioning and interpersonal relations." He found that Bustamante "suffers from cognitive deficits that are the effects of long-term alcohol use," but Dr. Pingitore could not say "whether any of these cognitive deficits are reversible if this client maintains sobriety from alcohol and enters a treatment program."

### 3. Gary G. Balestin, Ph.D.

Approximately one year later, on October 31, 1996, Gary G. Balestin, Ph.D., another SSA consultative psychologist, examined Bustamante and administered several tests. On a test for malingering, Bustamante's score was consistent with someone who deliberately misrepresents his memory span.

On the basis of this and other tests, as well as his clinical interview, Dr. Balestin diagnosed Bustamante with chronic alcohol abuse, dysthymia secondary to financial problems, and "personality disorder NOS [dependent, passive, avoidant, inadequate]." Dr. Balestin also rated Bustamante's functional capacities. He found that Bustamante was mildly impaired ("slight impairment which does not affect functional ability") in 5 of 14 tasks and moderately impaired ("impairment which affects but does not preclude") in the remaining 9 tasks.

### 4. Emily Newman, M.D.

Emily Newman, M.D., a psychiatrist, also examined Bustamante on three different occasions in the first half of 1997. Although no medical reports from Dr. Newman appear in the record, the record includes a letter from Dr. Newman dated May 5, 1997. In her letter, Dr. Newman diagnosed Bustamante with "Psychotic Disorder, 298.90," "Alcohol Dependence, 303.9," and "Schizotypal Personality Disorder." Dr. Newman also wrote that a recent decrease in alcohol consumption "has likely contributed to his *increase* in psychotic symptoms" (emphasis added). Dr. Newman concluded:

> Mr. Bustam[a]nte is quite functionally impaired. His psychotic symptoms and his anxiety prevent him from being organized enough to remember appointments. He is too paranoid about people to be able to work in any environment where contact with others is required.

## II. DISCUSSION

### A. Standard of Review

■ We review de novo the decision of the district court affirming the decision of the ALJ. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We may set aside the Commissioner's denial of disability benefits when the findings of the ALJ are based on legal error or are not supported by substantial evidence in the record as a whole. *Id.* "Substantial evidence is defined as 'more than a mere scintilla but less than a preponderance.'" *Id.* at 1098 (internal citations omitted). If the evidence can support either outcome, we may not substitute our judgment for that of the ALJ. *Id.* "But the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Id.* (internal citations omitted).

### B. Overview of the Five–Step Disability Inquiry

■ The SSA regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Id.* at 1098; 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proof for steps one through four, and the Commis-

sioner has the burden of proof for step five. *Tackett,* 180 F.3d at 1098. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. *Id.* at 1098 n. 3. The five steps of the inquiry are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*See also Tackett,* 180 F.3d at 1098–99.

## C. Role of Alcoholism or Drug Addiction

■ A finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits. Under provisions added by the Contract with America Advancement Act, Pub.L. No. 104–121, 110 Stat. 847 (March 29, 1996), an "individual shall not be considered to be disabled for purposes of [bene-fits under Title II or XVI of the Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); *see also Sousa v. Callahan,* 143 F.3d 1240, 1242 (9th Cir.1998). The SSA's implementing regulations specify: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a).

We addressed the application of 20 C.F.R. § 404.1535 in *Ball v. Massanari,* 254 F.3d 817 (9th Cir.2001). *See also Sousa,* 143 F.3d at 1245 (remanding to give claimant an opportunity to present evidence relevant to § 404.1535). The claimant in *Ball* was diagnosed with alcoholism, dysthymia (a type of depression), and a physical impairment not relevant to the appeal. The ALJ denied benefits after refusing to consider the claimant's alcoholism as an impairment and concluding that the claimant's dysthymia was not severe. On appeal, the claimant argued, among other things, that the ALJ had erred by failing to conduct an evaluation pursuant to § 404.1535 to determine whether the claimant's alcoholism was a contributing factor to his dysthymia—i.e., whether the claimant would continue to suffer from dysthymia if he stopped using alcohol. *Ball,* 254 F.3d at 819–22. We held that an ALJ need not conduct a § 404.1535 evaluation when substantial evidence supported the ALJ's determination that the claimant's dysthymia was not severe in the first place. *Id.* at 823 ("if the claimant's ailment does not pass step 2, *ipso facto* it is not disabling")

■ Here, we must determine whether it is error for an ALJ to determine that a

claimant's mental impairments are "the product and consequence of his alcohol abuse" prior to making a determination that the claimant is disabled under the five-step inquiry.

■ The Tenth Circuit has held this to be error in a similar case involving a claimant diagnosed with "significant depressive symptoms" and "a long history of alcohol abuse." *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir.2001). In *Drapeau,* the court held that the ALJ erred by "fail[ing] to determine whether [the claimant] was disabled prior to finding that alcoholism was a contributing material factor thereto." *Id.* at 1214. It noted that "[t]he implementing regulations make clear that a finding of disability is a condition precedent to an application of [42 U.S.C.] § 423(d)(2)(C)." *Id.* (citing 20 C.F.R. § 416.935, the parallel regulation to 20 C.F.R. § 404.1535). We agree. The implementing regulations, 20 C.F.R. §§ 404.1535 and 416.935, both begin with the conditional language "[i]f we find that you are disabled...." It follows that an ALJ should not proceed with the analysis under §§ 404.1535 or 416.935 if he or she has not yet found the claimant to be disabled under the five-step inquiry. *See Drapeau,* 255 F.3d 1211, 1214 ("The ALJ cannot begin to apply [42 U.S.C.] § 423(d)(2)(C) properly when, as here, he has not yet made a finding of disability.") In other words, an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry,

then the claimant is not entitled to benefits and there is no need to proceed with the analysis under 20 C.F.R. §§ 404.1535 or 416.935. If the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs." 20 C.F.R. §§ 404.1535, 416.935.

Here, the ALJ erred by concluding at step two that Bustamante's "behavioral and emotional conditions" were "the product and consequence of his alcohol abuse and not an independently severe or disabling impairment." This was improper. The ALJ should have proceeded with the five-step inquiry without attempting to determine the impact of Bustamante's alcoholism on his other mental impairments. If, and only if, the ALJ found that Bustamante was disabled under the five-step inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he stopped using alcohol.[1]

### D. Severity of Mental Impairment

■ To the extent that the ALJ concluded that Bustamante's mental impairments were not severe regardless of the impact of alcoholism, we find that conclusion to be unsupported by substantial evidence. The Social Security regulations define severe impairment as an impairment which significantly limits a claimant's "ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921.[2] The ALJ acknowledged in his decision that:

---

**1.** In *Ball,* we stated in dicta that the claimant bears the burden of proving that his alcoholism or drug addiction is not a contributing factor material to his disability determination. 254 F.3d at 822–23. We do not address that issue here because it is premature to evaluate the impact of Bustamante's alcoholism without a finding that he is disabled under the five-step inquiry.

**2.** 20 C.F.R. § 404.1521 states in full:

What we mean by an impairment(s) that is not severe.
(a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

The psychological evidence of record establishes that the claimant has a personality disorder, and a substance abuse addiction disorder, resulting in moderate difficulties with activities of daily living, marked difficulties in maintaining social functioning, and seldom has deficiencies in concentration, persistence or pace. He has continual episodes of deterioration or decompensation in the work place.

It is difficult to reconcile the ALJ's above description of the psychological evidence with a conclusion that Bustamante would be capable of performing such basic work activities as "[u]nderstanding, carrying out, and remembering simple instructions," "[using his] judgment," or "[r]esponding appropriately to supervision, co-workers and usual work situations." *See* 20 C.F.R. §§ 404.1521, 416.921.

Indeed, every psychiatrist or psychologist who examined Bustamante found significant mental problems. Dr. Andersen diagnosed "[m]ood disorder, secondary to chronic substance abuse and chronic alcoholism, associated with depressive features which are moderate to severe, and social stressors of homelessness." Dr. Pingitore, the consultative psychologist, noted that Bustamante possessed "a marked degree of impairment in activities of daily living, as well as cognitive functioning and interpersonal relations." Dr. Balestin, another consultative psychologist, rated him moderately impaired ("impairment which affects but does not preclude") in 9 of 14

functional capacities. Finally, Dr. Newman stated in a letter that Bustamante was "quite functionally impaired," that his "psychotic symptoms and his anxiety prevent[ed] him from being organized enough to remember appointments," and that he was "too paranoid about people to be able to work in any environment where contact with others is required."

In short, the evidence as a whole overwhelmingly supports Bustamante's claim that he suffers from a severe mental impairment. A conclusion to the contrary is not supported by substantial evidence.

## III. CONCLUSION

Accordingly, we reverse and remand with instructions that the ALJ proceed with step three (and four and five, if necessary) of the disability determination without attempting to separate out the impact of Bustamante's alcohol abuse. Only if the ALJ determines that Bustamante is disabled under the five-step inquiry, should the ALJ consider whether "alcoholism is a contributing factor material to" that determination, pursuant to 20 C.F.R. §§ 404.1535 and 416.935.

REVERSED and REMANDED.

---

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—
(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.
20 C.F.R. § 416.921 is identical, except for the heading.