**Lorraine PEDERSON–PLUMMER, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–35738.

D.C. No. CV–99–01500–AI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.\*\*

Decided Dec. 3, 2001.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Larry G. Massanari is substituted for his predecessor in office as Commissioner of the Social Security Administration.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM \*\*\*

Lorraine Pederson–Plummer appeals the district court's order affirming the Commissioner of Social Security's denial of her applications for disability benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. We affirm in part, reverse in part, and remand for further proceedings.

Pederson–Plummer contends that the Administrative Law Judge ("ALJ") erred by failing to allow her friend Ramona Miller to testify at the hearing before the ALJ. This contention is belied by the record. The ALJ afforded Pederson–Plummer an opportunity to have Ms. Miller testify. Another issue, however, requires reversal and remand.

The ALJ erred by prematurely determining that Pederson–Plummer's "primary impairment" was substance abuse. The ALJ relied upon the rule that an individual is not considered disabled for the purposes of Titles II or XVI of the Social Security Act if drug addiction or alcoholism is a contributing factor material to the determination of disability. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(a), 416.935(a). In *Bustamante v. Massanari*, 262 F.3d 949, 953–55 (9th Cir.2001), we held that, in determining whether an individual is disabled, the ALJ must conduct the five-step inquiry contained in 20 C.F.R. § 404.1520(b)-(f) before considering the impact of alcoholism or drug addiction. We stated:

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits.... If the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed ... to determine if the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs." *Bustamante*, 262 F.3d at 955 (citations omitted). Here, the ALJ failed to apply this sequential analysis.

On remand, the ALJ shall first apply the five-step inquiry to determine whether Pederson–Plummer was disabled during the closed period of disability without segregating out her drug use. If she was disabled under the five-step inquiry, then the ALJ shall determine whether Pederson–Plummer would still be found disabled had she stopped using drugs during her closed period of disability. Only after completing these steps shall the ALJ evaluate Pederson–Plummer's residual functional capacity.[1]

Pederson–Plummer raises other contentions, but these need not be addressed because of our decision to remand this case for a new determination of disability.[2]

AFFIRMED in part, REVERSED in part, and REMANDED to the district court with directions to remand to the Commissioner of Social Security for further proceedings. Pederson–Plummer shall recover her costs for this appeal.

---

1. We leave to the ALJ the decision whether the existing record will allow the ALJ to make the necessary determinations without holding a new hearing.

2. We do, however, reject Pederson–Plummer's challenge to the ALJ's determination that her credibility in general was diminished;

the ALJ's credibility finding was supported by substantial evidence.