### Barbara A. WOODS, Plaintiff— Appellant,

v.

### Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 01–56262.

D.C. No. CV–99–13310–DDP.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2002.*

Decided July 24, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before ALARCÓN, SILVERMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Barbara Woods appeals the district court's summary judgment dismissal of her appeal from the Social Security Administration denying her application for Title II disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's decision affirming the decision of the administrative law judge (ALJ). *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir.2001). We affirm because the decision is supported by substantial evidence.

■ Because the parties are familiar with the facts, we will not recite them in this decision. Woods first argues that the ALJ should have deemed her application to have been filed in 1986. Pursuant to 20 C.F.R. § 404.633, the Commissioner "may establish" a deemed filing date of an application if she determines that a claimant failed to apply because a Social Security employee gave the claimant "misinformation" about eligibility for benefits in response to a specific request for information about eligibility. Substantial evidence supports the ALJ's decision not to deem Woods' application to have been filed in 1986. Woods' testimony, which conflicted with an earlier letter by Woods to Social Security, was insufficient to establish that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

she failed to apply for benefits in 1986 because of misinformation from Social Security. *See* 20 C.F.R. § 404.633(d).

■ Woods argues that substantial evidence does not support the ALJ's finding that she was not continuously disabled. Because Woods applied for disability in 1996, after her insured status had expired, she must establish that her current disability has existed continuously since some time on or before the date that her insured status lapsed, June 30, 1990. 20 C.F.R. § 404.131 (2001); *Flaten v. Secretary of Health and Human Services,* 44 F.3d 1453, 1458 (9th Cir.1995). Substantial evidence, including the eleven-year gap in treatment and Woods' treating psychiatrist's reports, supports the ALJ's conclusion that Woods did not have a continuous severe mental impairment during the required time period.

■ Woods argues that the ALJ failed to develop the record by not obtaining more medical evidence or questioning Woods' husband about her difficulties in functioning during the period without medical records. An ALJ has a "duty to fully and fairly develop the record" if the evidence is ambiguous or "the record is inadequate to allow for proper evaluation of the evidence." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001). The ALJ could not have ordered further medical evidence because such evidence did not exist. Woods failed to seek treatment for 11 years. The last medical evidence from Woods' treating physician, in 1985, established that Woods was not permanently and totally disabled and that she would be able to work with vocational rehabilitation. Thus, she was not disabled under the social security definition. *See* 20 C.F.R. § 404.1505(a) (2001). Questioning Woods' husband about her limitations would not have cured the lack of medical evidence necessary to establish that a severe contin-

uous impairment existed prior to June 30, 1990. *Id.*

AFFIRMED.