Frank ALVAREZ, Plaintiff—Appellant,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 01–55987.
D.C. No. CV–99–04922–AN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Oct. 22, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Frank Alvarez appeals the district court's judgment affirming the Commissioner's termination of Alvarez's Title II Social Security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and reverse and remand because the administrative law judge improperly rejected the treating physician's residual functional capacity (RFC) assessment and substituted his own assessment that is not supported by substantial evidence.

We review de novo the district court's decision affirming the decision of the ALJ. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir.2001). The Commissioner's termination of benefits can be reversed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

only if the decision is not supported by substantial evidence or the ALJ has applied incorrect legal standards. 42 U.S.C. §§ 405(g), 423(f); *Bustamante*, 262 F.3d at 953. To terminate benefits, the Commissioner must find that medical improvement occurred, RFC has increased and Alvarez is able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594(b)(3) (2001).

Alvarez argues that the ALJ erred in rejecting his treating physician's RFC assessment and finding Alvarez capable of performing a full range of light work. We agree. RFC was critical to the determination of whether Alvarez's disability continued because the Commissioner compares the present RFC to the prior RFC to terminate benefits. *See* 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(c)(2–3). The ALJ could reject the treating physician's opinion only for clear and convincing reasons supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

The ALJ rejected the treating physician's RFC assessment for two reasons. First, the ALJ found that the RFC was contradicted by evidence of Alvarez's daily activities. Second, the ALJ concluded that the treating physician's opinions, including his recommendation of surgery, were solely based on Alvarez's unreliable subjective complaints of pain. Neither reason given by the ALJ for rejecting the RFC assessment is supported by substantial evidence. No evidence in the record supports the ALJ's conclusion that Alvarez is capable of the walking, sitting, standing, pushing and pulling at the level required for a full range of light work. *See* 20 C.F.R.

§ 404.1567(b). Nor were the physician's opinions, including the surgery recommendation, supported solely by Alvarez's subjective complaints of pain. The treating physician rendered his opinions in light of the history of Alvarez's prior injury, the MRI findings and a comparison of x-rays.[1]

In any event, even if the treating physician's RFC assessment were to be wholly disregarded, there is no other RFC assessment in the record on which a *termination* of benefits could be based. *Id.* § 404.1594(c)(2–3).

REVERSED.

TROTT, J., Dissenting.

TROTT, Judge.

Because I conclude that the ALJ's view of this matter, including his decision to look with skepticism upon Alvarez's treating physician's opinions, is (1) supported by substantial evidence, (2) well-documented, and (3) convincing, I respectfully dissent from my colleagues' disposition of this appeal.

---

1. The ALJ discounted Alvarez's complaints of pain in part by pointing to a cryptic note on a mental health screening form in the medical records at Kaiser. That note said, "Sometimes med for pain? Not on it currently." The ALJ interpreted this note to mean that Alvarez was not taking pain medication despite his complaint of pain. However, a full review of the Kaiser records shows that Alvarez consistently complained of back pain and was taking Flexeril, Vicodin, Motrin (ibuprofin) and Tylenol # 3.