**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARRELL TATE,

               Plaintiff - Appellant,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant - Appellee.

No. 10-35461

D.C. No. 3:09-cv-05302-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 2, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

    Darrell Tate appeals from the judgment of the district court affirming a

decision of the Commissioner of Social Security denying his application for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Supplemental Security Income disability benefits pursuant to Title XVI of the Social Security Act. We affirm.

The administrative law judge ("ALJ") properly weighed the medical opinions in the record. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving less weight to the psychological evaluations of Dr. Pamela Sarlud-Heinrich and Dr. Shoshanna Press, including that Tate had not been forthcoming with these doctors about his alcohol and substance abuse and had embellished his symptoms. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ properly gave greater weight to the psychological evaluation of Dr. Anita Peterson because Dr. Peterson's conclusions were consistent with independent evidence in the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ also properly accorded great weight to the medical evaluations that concluded that Tate could perform sedentary work, because the evaluations were supported by physical examinations, *Lester*, 81 F.3d at 830, and consistent with the evidence in the record, *Tonapetyan*, 242 F.3d at 1149.

In evaluating Tate's claim, the ALJ properly followed the five-step inquiry for determining whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920; *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir.

2001). Substantial evidence supports the ALJ's conclusion that Tate's alcohol and substance abuse contributed materially to a finding of disability and that, if Tate stopped abusing substances, he would be able to perform certain types of unskilled, sedentary work. *See Bustamante*, 262 F.3d at 954-55. Dr. Peterson concluded that, if Tate stopped abusing substances, he would have only moderate restrictions in activities of daily living and social functioning, and would be able to perform three-step, repetitive tasks in a structured, low-pressure setting. Tate's medical examiners and a treating physician determined that his physical impairments did not prevent Tate from performing sedentary work with certain postural restrictions. *See Lester*, 81 F.3d at 830. A vocational expert testified that an individual with Tate's functional restrictions could work in certain representative positions available nationally and in Washington state. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Substantial evidence supports the ALJ's determination that Tate's diabetes is not sufficiently severe to qualify as a disability under Appendix 1 to 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Part 404, Appendix 1 § 9.08. Tate is able to walk with a cane and has only some limitations on his ability to perform other gross and dexterous movements.

**AFFIRMED.**

10-35461