**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM R WHITE, Jr.,

        Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant - Appellee.

No. 13-35313

D.C. No. 2:12-cv-00590-JPD

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue II, Magistrate Judge, Presiding

Argued and Submitted August 26, 2014
Seattle, Washington

Before: WARDLAW, GOULD, and CHRISTEN, Circuit Judges.

    William White appeals the district court's order affirming the Social

Security Commissioner's denial of disability benefits. White argues that the

administrative law judge ("ALJ") erred by improperly determining that White was

not credible and by ignoring the lay testimony of his wife. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to 28 U.S.C. § 1291, and we agree with White. Accordingly, we reverse the district court's affirmance of the denial of benefits and remand for a new hearing before the ALJ.

1. The ALJ's conclusion that White's testimony was not credible is not supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Where, as here, a claimant has produced "objective medical evidence of an underlying impairment which could reasonably be expected to produce the . . . symptoms alleged . . . and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* at 1112 (internal quotation marks omitted).[1] The ALJ rejected White's testimony as to the "intensity, persistence and degree," of his impairments as inconsistent with his physician reports. However, the examples given by the ALJ were not inconsistencies at all but were entirely consistent with White's testimony at the hearing as to his mental and physical impairments and alcohol dependence. For example, the ALJ found "most striking" a supposed claim by White that alcohol had nothing to do with his

---

[1] Because White explicitly argued before the district court that the ALJ's credibility finding was not supported by substantial evidence, the district court erred in deeming White's challenge to the ALJ's adverse credibility finding waived.

depression and suicidal ideation. But this was taking out of context a statement in his testimony about what he would tell hospital staff depending on whether he wanted to be released. In addition, the ALJ improperly discredited White for allegedly failing to follow a treatment regimen when White was unable to afford some recommended treatments, *see Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995), and the record demonstrates that White occasionally sought *too much* treatment, not too little. The remainder of the purported inconsistencies between White's reported daily activities and White's statements regarding those activities, to the extent they are inconsistencies at all, are explained by White's deteriorating condition. Therefore, the ALJ failed to give "specific, clear and convincing reasons" for concluding that White was not credible. *See Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

2. The ALJ also erred by failing to explain her reasons for disregarding the lay witness testimony of White's wife, *id.* at 1115, and by failing to discuss it altogether. White's wife confirmed White's testimony by, for example, supporting his claim that he "just can't leave the house" for extended periods of time. Lay witness testimony that explains a claimant's symptoms and how they affect his ability to work simply "*cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

3

3.  We therefore reverse and remand with instructions to the district court to reverse the ALJ's decision finding White not disabled and remand to the Social Security Administration for a new hearing.[2]

**REVERSED AND REMANDED.**

---

[2] We do not address White's claim that the ALJ erred by not applying the two-step analysis articulated in *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).  That analysis is necessary only if the ALJ deems White disabled on remand.