**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYLES BROCK, | No. 16-35691 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01021-KI |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 1, 2017[**]

Before: D.W. NELSON, TROTT, and SILVERMAN, Circuit Judges.

Myles Brock appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we reverse and remand.

The administrative law judge ("ALJ") erred in evaluating the opinion of Jennifer Reffel, a treating nurse practitioner who concluded that Brock suffered dramatic mood swings even when sober. The Commissioner properly concedes that two of the reasons provided by the ALJ were not valid, germane reasons for according "little weight" to the opinion of Reffel, an "other source" of medical evidence. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (holding that ALJ may discount opinion of nurse practitioner if ALJ gives reasons germane to that practitioner). The ALJ's other two reasons—that Reffel's opinion was contradicted by the opinion of an examining doctor and was inconsistent with medical records showing relative mood stability when Brock was not drinking and was medication-compliant—also were insufficient in light of Reffel's treating relationship with the claimant. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (holding that mental impairments must be considered in the context of the claimant's entire diagnostic picture); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (explaining that "[c]ycles of improvement and debilitating symptoms are a common occurrence [in mental illness], and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or

2

years and to treat them as a basis for concluding a claimant is capable of working").

In analyzing whether Brock's alcoholism was a contributing factor material to his disability, as required by 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J) (providing that claimant is not considered disabled if alcoholism or drug addiction would be a material contributing factor), the ALJ erred by failing first to consider whether Brock was disabled by the combination of his impairments of bipolar disorder and alcohol addiction before finding that his bipolar disorder standing alone was not disabling. *See* Social Security Ruling 13-2p; *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001) (holding that ALJ erred by determining that claimant's mental impairments were the product of his alcohol abuse, and not an independently severe or disabling impairment, prior to making a determination whether claimant was disabled under the five-step inquiry).

The ALJ's errors were not harmless because we cannot say that they were inconsequential to the ALJ's finding that Brock's bipolar disorder alone was not disabling. *See Brown-Hunter*, 806 F.3d at 492 (holding that error is harmless if it is inconsequential to the ultimate nondisability determination). We therefore reverse the district court's judgment and remand with instructions to remand to the agency for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014).

**REVERSED and REMANDED.**

<u>Brock v. Berryhill</u>, No. 16-35691
TROTT, Circuit Judge, dissenting:

I find the ALJ's Decision to be thorough, thoughtful, discerning, and professional. Everything in it is supported by substantial evidence, logic, and the law. I agree with the Acting Commissioner's brief: "Remanding on this [alleged] error strictly for the ALJ to conduct the formal two-step DAA process could only change the reason for his denial of benefits, not the outcome of the case." There was no error, but if there was, Judge King was correct: it was harmless. Moreover upgrading nurse practitioner Reffel's opinion will not overcome the evidence that contradicts it. Thus, I respectfully dissent.