MEMORANDUM **

Myles Brock appeals the district court’s decision affirming the Commissioner of Social Security’s denial of his application for disability insurance benefits and suppler mental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015), and we reverse and remand.
The administrative law judge (“ALJ”) erred in evaluating the opinion of Jennifer Reffel, a treating nurse practitioner who concluded that Brock suffered dramatic mood swings even when sober. The Commissioner properly concedes that two of the reasons provided by the ALJ were not valid, germane reasons for according “little weight” to the opinion of Reffel, an “other source” of medical evidence. See Britton v. Colvin, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (holding that ALJ may discount opinion of nurse practitioner if ALJ gives reasons germane to that practitioner). The ALJ’s other two reasons — that Reffel’s opinion was contradicted by the opinion of an examining doctor and was inconsistent with medical records showing relative mood stability when Brock was not drinking and was medication-compliant — also were insufficient in light of Reffel’s treating relationship with the claimant. See Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (holding that mental impairments must be considered in the context of the claimant’s entire diagnostic picture); Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014) (explaining that “[c]ycles of improvement and debilitating symptoms are a common occurrence [in mental illness], and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working”).
In analyzing whether .Brock’s alcoholism was a contributing factor material to his disability, as required by 42 U.S.C. §§ 423(d)(2)(C), l382c(a)(3)(J) (providing that claimant is not considered disabled if alcoholism or drug addiction would be a material contributing factor), the ALJ erred by failing first to consider whether Brock was disabled by the combination of his impairments of bipolar disorder and alcohol addiction before finding that his bipolar disorder standing alone was not disabling. See Social Security Ruling 13-2p; Bustamante v. Massanari, 262 F.3d 949, 954-55 (9th Cir. 2001) (holding that ALJ erred by determining that claimant’s mental impairments were the product of his *461 alcohol abuse, and not an independently severe or disabling impairment, prior to making a determination whether claimant was disabled under the five-step inquiry).
The ALJ’s errors were not harmless because we cannot say that they were inconsequential to the ALJ’s finding that Brock’s bipolar disorder alone was not disabling. See Brown-Hunter, 806 F.3d at 492 (holding that error is harmless if it is inconsequential to the ultimate nondisability determination). We therefore reverse the district court’s judgment and remand with instructions to remand to the agency for further proceedings. See Treichler v. Comm’r of Soc. Sec. Admin., 775 F.3d 1090, 1100-02 (9th Cir. 2014).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.