

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD JARVIS,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>NANCY A. BERRYHILL, Commissioner<br>of Social Security,<br><br>　　　　　Defendant-Appellee. | No.　16-15917<br><br>D.C. No. 2:14-cv-2952-CMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted November 16, 2017[**]
San Francisco, California

Before:　W. FLETCHER and PAEZ, Circuit Judges, and WILKEN, Senior District
Judge.[***]

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

　　　[***]　　The Honorable Claudia Wilken, Senior United States District Judge
for the Northern District of California, sitting by designation.

Donald Jarvis appeals the district court's judgment affirming the Commissioner of Social Security's denial of his applications for disability insurance benefits and supplemental security income. We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *see Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and we reverse and remand.

1.      Jarvis argues the ALJ erred by failing to give "specific and legitimate" reasons for discounting the clinical findings of Dr. Janak Mehtani, Jarvis' treating psychiatrist. We agree.

The ALJ failed to evaluate Dr. Mehtani's findings and conclusions in any way, impliedly rejecting them in favor of the contrary findings of an examining physician, Dr. Paul Michaels. To the extent the ALJ disregarded Dr. Mehtani's findings simply because Dr. Michaels disagreed with them, the ALJ failed to afford the deference to which Dr. Mehtani is entitled as Jarvis' treating physician, under both the Social Security Administration's own regulations and this court's precedent. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); 20 C.F.R. § 404.1527(c)(2). That Dr. Michaels disagreed with Dr. Mehtani's opinion was not, by itself, sufficient to warrant discrediting Dr. Mehtani. The ALJ was required to present "specific and legitimate" reasons for discounting or rejecting Dr. Mehtani's opinion, and those reasons had to be supported by substantial evidence.

2

*See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ failed to address many of Dr. Mehtani's most recent treatment records, to compare Dr. Mehtani's observations to those of other physicians, and to evaluate Dr. Mehtani's records for internal consistency. Because the ALJ did not "explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another," she committed reversible error. *Garrison*, 759 F.3d at 1012.

2.　　The ALJ erroneously failed to evaluate the findings of Dr. Richard Hicks, a consultative examiner. *See id.* at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). This error was not harmless because Dr. Hicks opined that Jarvis was seriously impaired by PTSD and needed a year of vigorous psychiatric treatment before he "might" be able to return to work in the daytime.

3.　　The ALJ erred in addressing the opinion of Dr. Troy Ewing, another consultative examiner. First, the ALJ's finding that Jarvis "had a fair (rather than poor) ability to maintain regular attendance given his ability to return to work in

3

2007, 2008, and 2009," is not supported by substantial evidence. The record provides little-to-no information about the nature of Jarvis' work in 2007, 2008 and 2009, whether he was capable of attending work regularly or on a full-time basis during each stint, and whether he received any accommodations for the work he performed during that time.

Second, the ALJ made no mention of Dr. Ewing's opinion that Jarvis' mental health symptoms may be chronic in nature and that his condition may not abate on its own within a year. Nevertheless, the ALJ concluded Jarvis had a "fair" ability to maintain regular attendance at work. By failing to give legally adequate reasons for rejecting part of Dr. Ewing's opinion, the ALJ erred. *See Garrison*, 759 F.3d at 1012 (noting that an ALJ is required to explain why her interpretation of the evidence, rather than the doctor's, is correct) (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

4.      The ALJ erroneously discounted the opinions of Dr. Deborah Lacy and Dr. Timothy Canty, both consultative examiners, based on an assumption about the influence of Jarvis' alcohol dependency on his mental limitations.

Nothing in the record suggests that either Dr. Lacy's or Dr. Canty's observations and conclusions about Jarvis' limitations were attributable more to his alcohol dependency — which Jarvis reported to Dr. Lacy but apparently not to Dr.

Canty — than to his devolving mental state. Even assuming Jarvis' mental functioning was influenced by substance abuse, there is no indication that Dr. Lacy relied on Jarvis' subjective reports of his impairments over her own clinical findings made during an extended examination. *See Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999) (holding that substantial evidence did not support ALJ's finding that examining psychologists took claimant's "statements at face value" where psychologists' reports did not contain "any indication that [the claimant] was malingering or deceptive"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) ("In sum, the ALJ appears to have relied on her doubts about [the claimant's] overall credibility to reject the entirety of [the examining psychologist's] report, including portions that [the psychologist] deemed to be reliable.").

The ALJ erred by rejecting Dr. Canty's conclusions in their entirety, implicitly reasoning that they were unreliable because Dr. Canty was unable to assess the effect of Jarvis' alcohol dependency on his mental state and, therefore, his limitations. *See Bustamente v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (holding that it is error for an ALJ to determine that a claimant's mental impairments are "the product and consequence of his alcohol abuse" before making a determination that the claimant is disabled under the five-step analysis).

5

If — and only if — the ALJ found Jarvis was disabled under the five-step inquiry, should the ALJ have evaluated the role of Jarvis' alcohol dependency, if any, in establishing the limitations Drs. Lacy and Canty identified. *See id.* ("The ALJ should have proceeded with the five-step inquiry without attempting to determine the impact of Bustamente's alcoholism on his other mental impairments.").

5. Jarvis also challenges the ALJ's assessment of his physical residual functional capacity, arguing the ALJ did not properly evaluate the opinions of two physicians. One physician, Dr. Alicia Blando, was a nonexamining physician, and the ALJ erred by rejecting her opinion in a conclusory manner. The error, however, was harmless because the ALJ discounted Dr. Blando's opinion by reference to the opinion of an examining physician, Dr. Janet O'Brien, whose opinion the ALJ properly considered. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician.").

**REVERSED AND REMANDED.**

6