NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALISHA HOLMES,

       Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN[*], Acting
Commissioner of Social Security,

       Defendant - Appellee.

No. 23-2688

D.C. No.
3:22-cv-05810-GJL

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted December 5, 2024[***]
Seattle, Washington

---

[*]     Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BOGGS****, McKEOWN, and R. NELSON, Circuit Judges.

An administrative law judge ("ALJ") denied Alisha Holmes's claim for disability benefits, finding that she was not disabled. The district court affirmed, and Holmes appealed. We have jurisdiction under 28 U.S.C. § 1291, and we review the ALJ's factual findings for substantial evidence and its decision for legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). We affirm.

1. The ALJ did not commit legal error when discussing Holmes's drug use. If an ALJ finds a claimant with a drug addiction disabled, the ALJ must determine whether the addiction materially contributed to the disability finding. 20 C.F.R. § 404.1535(a). For the period at issue on appeal, the ALJ found that Holmes was not disabled. Thus, it did not need to conduct a materiality analysis. *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

Holmes argues the ALJ improperly analyzed materiality anyways, folding the materiality analysis into its determination that Holmes was not disabled. Specifically, Holmes claims the ALJ used her drug addiction as a "moral cudgel," rejecting favorable medical opinions and testimony simply because she used drugs.

The ALJ did not do so. Instead, the ALJ discounted the opinions of doctors who lacked a holistic picture of Holmes's functioning—because they either did not

---

**** The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

23-2688

know about Holmes's recent drug use or evaluated Holmes when she was under the influence. *See* 20 C.F.R. § 404.1527(c)(2).

In any event, the ALJ did not "determine the impact" of Holmes's drug use on her impairments when analyzing whether those impairments were disabling. *See Bustamante*, 262 F.3d at 955. The ALJ identified Holmes's impairments, determined the work that she could perform despite those impairments, and concluded that she could perform a significant number of jobs in the national economy—all without deciding "whether [Holmes] would still be disabled if [she] stopped using" drugs. *See id.*

2. Because Holmes filed her claim before March 2017, the ALJ needed to give "specific and legitimate" reasons to discount Dr. Wingate's 2022 opinion, which assessed marked limitations in Holmes's ability to keep a schedule and complete a workday. *See Woods*, 32 F.4th at 789 (quotation omitted); 20 C.F.R. § 404.1527. The ALJ did. For one, Dr. Wingate reviewed only a small portion of Holmes's medical records. *See* 20 C.F.R. § 404.1527(c)(6). She also relied on Holmes's subjective reports, which the ALJ deemed incomplete because Holmes withheld facts about her drug use from Dr. Wingate. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ also noted that Dr. Wingate's opinion is inconsistent with her own findings, other medical records, and Holmes's activities. *See Ford v. Saul*, 950 F.3d

1141, 1154–55 (9th Cir. 2020). Many of Holmes's medical records indicate that her symptoms stabilized with treatment, and Dr. Wingate herself found that Holmes's functioning was in many ways unremarkable. Holmes juggled work and college to obtain a degree, cared for a child, and completed a range of daily activities. These facts all undermine Dr. Wingate's suggestion that Holmes cannot keep a schedule or complete a workday. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024).

In response, Holmes notes that some evidence supports Dr. Wingate's conclusions. But she cannot dispute that other evidence cuts against it. And when there is conflicting evidence in the record, the ALJ gets to determine which to credit. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

3.      The ALJ also gave specific and legitimate reasons to discount Dr. Wheeler's 2021 opinion, which assessed severe limitations in Holmes's ability to perform routine tasks and communicate effectively. Dr. Wheeler based her 2021 opinion on an evaluation performed when Holmes was high on methamphetamine. Thus, she lacked an accurate "longitudinal picture" of Holmes's functionality. *See* 20 C.F.R. § 404.1527(c)(2)(i). In addition, just like Dr. Wingate's opinion, Dr. Wheeler's opinion is inconsistent with Holmes's activities and with medical findings that Holmes's symptoms stabilized with treatment. *See Ford*, 950 F.3d at 1154–55; *Stiffler*, 102 F.4th at 1107. Here, too, that inconsistency gave the ALJ ample room to discount Dr. Wheeler's opinion, even if Holmes would have us weigh the evidence

4                                                                        23-2688

differently.

4.    Finally, the ALJ gave clear and convincing reasons to discount Holmes's subjective testimony, concluding that her symptoms were not as disabling as she claimed. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Medical records show that Holmes's mental health and pain can be managed with treatment, which suggests that these symptoms are not as disabling as Holmes claimed. *See id.* at 1039–40. Treatment notes indicate that her mood, affect, and sociability were normal, suggesting that she can perform routine, predictable tasks and tolerate social interaction at work. *See Bray*, 554 F.3d at 1227. Holmes's activities—particularly juggling work with college—also suggest that her symptoms do not prevent her from working. *See id.* Finally, as the ALJ discussed in detail, Holmes made several inconsistent statements. These are all clear and convincing reasons to discount Holmes's testimony.

**AFFIRMED.**

23-2688