NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

GLENN BADGER,

　　　　Plaintiff - Appellant,

　v.

MICHELLE KING*, Acting Commissioner of Social Security,

　　　　Defendant - Appellee.

No. 23-2803

D.C. No.
3:22-cv-05936-SKV

MEMORANDUM**

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding

Submitted December 5, 2024***
Seattle, Washington

---

\*　　　Michelle King is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\*　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*　　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BOGGS[****], McKEOWN, and R. NELSON, Circuit Judges.

Glenn Badger filed claims for disability benefits in 2017, alleging various mental and physical impairments. In 2022, an administrative law judge ("ALJ") denied Badger's claims, finding him not disabled. The district court affirmed, and Badger appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the ALJ's factual findings for substantial evidence and its decision for legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). We affirm.

Badger disputes the ALJ's decision on two grounds. First, Badger claims the ALJ committed legal error by prematurely analyzing the impact of Badger's cannabis use on his disability. If a claimant is found to be both disabled and suffering from drug addiction, the ALJ must ensure that addiction is not the but-for cause of the disability finding. 20 C.F.R. §§ 404.1535, 416.935. In *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001), we explained that this process constitutes two discrete steps: the ALJ should first fully determine whether the claimant is disabled at all, before asking whether he would still be found disabled without his addiction. Combining the two steps constitutes reversible legal error. *See id.* at 956.

But the ALJ in Badger's case did not commit this error. Instead, the ALJ determined that Badger was not disabled at all, even when taking his drug use into

[****] The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation.

account. In the process, the ALJ discounted several favorable opinions from medical experts, in part because Badger had not been consistent or candid in disclosing his drug use to them. *See* 20 C.F.R. § 404.1527(c)(3). But *Bustamante* does not require ALJs to omit *any* discussion of drug use before reaching a finding of disability; it merely warns against prematurely inquiring into the drug-related causes of a disability. *See* 262 F.3d at 955. Because the ALJ never analyzed whether drug use was material to Badger's disability, let alone analyzed it prematurely, he did not violate *Bustamante*'s prohibition. In other words, the ALJ did not legally err by finding that Badger's nondisclosure of drug use made it harder for doctors to accurately diagnose him.

Badger's second argument is that the ALJ wrongly rejected opinion evidence from four medical experts, which otherwise would have supported Badger's claims that he suffered from marked and extreme functional limitations. Because the opinions of each of the four experts were contradicted by other medical-expert testimony, the ALJ needed only to cite "specific and legitimate reasons," supported by substantial evidence, in rejecting those opinions. *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020).[1]

---

[1] This court has since abandoned the "specific and legitimate reasons" standard for cases filed under the Social Security Administration's new rules, which took effect in 2017. *Woods*, 32 F.4th at 789. But because Badger filed his claim under the old rules, the Ninth Circuit's interpretations of those regulations still apply here.

The ALJ satisfied this standard when rejecting each of the four expert medical opinions. First, the ALJ gave very little weight to the opinion of Dr. C. Mark Anderson, because Dr. Anderson's conclusions were unsupported by the results of his own examination. 20 C.F.R. § 404.1527(c)(3); *see Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ also found that Dr. Anderson's report clashed with other evidence in the record, including more reliable medical evidence from Ms. Jacqueline Chaney, Badger's treating mental-health therapist. *See* 20 C.F.R. §§ 404.1527(c)(2), (f)(1). Finally, despite knowing that Badger had frequently used cannabis, Dr. Anderson neglected to explain how this factor might impact Badger's mental or physical condition, meaning the ALJ could give his under-explained opinion less weight. *Id.* § 404.1527(c)(3).

The ALJ also gave specific and legitimate reasons for discounting the reports of Terilee Wingate, Ph.D., and William Wilkinson, Ed.D. Unlike Dr. Anderson, neither Dr. Wingate nor Dr. Wilkinson even knew about Badger's regular cannabis use; the ALJ concluded this incomplete picture of their patient's condition undermined the doctors' opinions. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Additionally, both doctors gave opinions that were contradicted by the bulk of the medical record in Badger's case, which the ALJ gave as another reason to discount their opinions. *See* 20 C.F.R. § 404.1527(c)(4); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Both doctors were

also controverted by Badger's treating mental-health therapist, Ms. Chaney. 20 C.F.R. § 404.1527(f)(1). Finally, the ALJ noted that both doctors gave opinions that did not reflect the objective results of their own examinations of Badger. *See id.* § 404.1527(c)(3).

In addition, the ALJ gave specific and legitimate reasons for discounting the report of one of Badger's treating physicians, Dr. Allison S. Greenberg. Dr. Greenberg submitted a check-box form suggesting that Badger would have difficulty sitting, standing, or using his upper body. But under Ninth Circuit precedent, cursory "check-box form" medical opinions like Dr. Greenberg's can be rejected if unsupported by additional explanation. *See Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012) (superseded on other grounds). Because the ALJ found that Dr. Greenberg's check-box-form report lacked additional evidence to support its conclusions, he was justified in rejecting it. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Moreover, Dr. Greenberg's assessment was contradicted by other evidence in the clinical record, which indicated that Badger has a mostly normal gait and mostly normal strength. These inconsistencies with the record were another specific and legitimate ground for the ALJ to give Dr. Greenberg's opinion less weight. 20 C.F.R. § 404.1527(c)(4).

**AFFIRMED.**