**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD DEAN JENKINS, | No. 11-35863 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00849-HA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted November 7, 2012[**]
Portland, Oregon

Before: ALARCÓN, McKEOWN, and PAEZ, Circuit Judges.

Richard Jenkins appeals from the district court's decision affirming the

Commissioner's denial of his applications for Social Security disability insurance

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits and Supplemental Security Income payments. Jenkins argues that the ALJ's determination that substance abuse was material to his disability was not supported by substantial evidence and that the ALJ gave insufficient weight to the opinion of his treating physician, Dr. Mihara. Reviewing de novo, we affirm.

Jenkins "bears the burden of proving that [substance abuse] is not a contributing factor material to his disability." *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). The ALJ properly conducted the five-step inquiry first without separating out the impact of Jenkins's drug addiction. *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). After finding that Jenkins was disabled, the ALJ conducted the inquiry again, this time evaluating whether Jenkins would still be disabled absent substance abuse. *See* 20 C.F.R. § 404.1535(b). As the district court explained, Jenkins did not establish that his physical impairments rendered him disabled absent substance abuse, and "[a]t best, the evidence is inconclusive as to whether [Jenkins's] mental impairments remained disabling after he stopped abusing substances." "[I]f evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Although the ALJ gave "significant weight" to Dr. Mihara's November 2006 opinion, he gave only "little weight" to her April 2009 opinion. The latter opinion was contradicted by the opinion of an examining psychologist. The ALJ gave "'specific and legitimate reasons' supported by substantial evidence in the record" for giving little weight to Dr. Mihara's April 2009 opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citation omitted).

**AFFIRMED.**