

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONYA L. FREEMAN, | No.    14-17151 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01423-CMK |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted October 18, 2016**
San Francisco, California

Before:  THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Tonya Freeman appeals the district court's order affirming the

Administrative Law Judge's (ALJ's) denial of benefits.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The ALJ did not err in rejecting Dr. Regazzi's opinion. Dr. Regazzi's opinion was in conflict with other evidence in the record, including Dr. Canty's and Dr. Seidenfeld's opinions; therefore the "specific and legitimate reason" standard of review applies. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066–67 & n.2 (9th Cir. 2006). The ALJ provided specific and legitimate reasons that are supported by substantial evidence for rejecting Dr. Regazzi's opinion, such as evidence that Freeman had malingered and the inconsistencies between Dr. Regazzi's findings and Freeman's application for benefits and testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

To the extent the ALJ erred in her initial disability analysis, any error was harmless because the ALJ found Freeman to be disabled "without separating out the impact" of her drug use, *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). The ALJ's subsequent determination that Freeman would no longer be disabled if she stopped using drugs was supported by substantial evidence, including Freeman's prison medical records and Dr. Canty's opinion that her drug use worsened her symptoms. Therefore, the ALJ did not err in finding that Freeman's substance abuse was a contributing factor material to her disability. *See* 42 U.S.C. § 423(d)(2)(C).

The ALJ did not err in rejecting Freeman's testimony as not credible given evidence that Freeman was malingering. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

Finally, the ALJ's duty to develop the record was not triggered here, because the ALJ did not find the record "inadequate to allow for proper evaluation of the evidence," *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001), nor was there ambiguous evidence, *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Dr. Canty's opinion was not ambiguous, and conflict between medical opinions alone does not render evidence ambiguous, *see Tonapetyan*, 242 F.3d at 1148–49.

**AFFIRMED.**